UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

RICKY HAWTHORNE,

        Plaintiff,              Case No. 1:25-cv-416

v.                                        Honorable Phillip J. Green

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983, the Americans with Disabilities Act (ADA), and the Rehabilitation Act (RA). The Court will grant Plaintiff leave to proceed *in forma pauperis*.[1] Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge. (ECF No. 1, PageID.34.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re*

---

[1] Although Plaintiff has had at least three cases dismissed on the grounds that they were frivolous, malicious, and/or failed to state a claim, in this action, Plaintiff has sufficiently alleged that he is in imminent danger of serious physical injury. As such, Plaintiff will be permitted to proceed *in forma pauperis* in this action.

*Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[2]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520

---

[2] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

(1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will partially dismiss Plaintiff's complaint as detailed below.

## Discussion

### I. Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Muskegon Correctional Facility (MCF) in Muskegon, Muskegon County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues the MDOC, "Statewide Offender ADA Coordinator" Robin Gilbert, MCF Warden James Schiebner, and MCF Health Unit Manager Mike Wilkinson. (Compl., ECF No. 1, PageID.1, 7.) Plaintiff sues Defendant Wilkinson in his individual capacity and official capacity, and he sues Defendants Gilbert and Schiebner in their official capacities only. (*Id.*, PageID.7.)

In Plaintiff's complaint, he states that he is 72 years old, and he has three "pinched nerves in the vertebras in [his] back, pinched nerve(s) in [his] neck, [he] suffer[s] a degenerated right hip, and [he] suffer[s] with spurred knee(s)." (*Id.*, PageID.9.) Plaintiff further states that "[t]he pinched nerves in [his] back and [his] spurred knees limit[] . . . [his] major life activities," including "bending," "standing," and "walking." (*Id.*) Plaintiff has a cane and a wheelchair for his use. (*See id.*, PageID.13.)

At MCF, Plaintiff is housed "in a small furnished room/cell with a room[]mate (bunky)." (*Id.*, PageID.11.) Plaintiff claims that this cell is "non-mobility compliance." (*Id.*) Plaintiff has a bottom bunk; however, the top bunk is at "its

4

original manufactured position" and a "short ladder [was] appended to the top and bottom steel mattress frame." (*Id.*)  Plaintiff describes the ladder as being "appended straight up-and-down to the top and bottom bunk, about [one] and a half feet from the middle of the bunk bed." (*Id.*)  Plaintiff alleges that the placement of the ladder "block[s] him from swinging [his] legs in and out of the bottom bunk." (*Id.*)  To assist with his movement in and out of the bed, Plaintiff made "a makeshift rope that [he] put on the bunk bed," and he "raise[s] [his] leg up and bend[s] it back at the knee as far back as [he] can to get it around the ladder." (*Id.*)  Plaintiff states that "[t]his is an extremely painful daily struggle for [him] getting [his] left leg around the appended bunkbed ladder," and "it exhausts [him] and causes [him] to be inflicted with painful cramps to [his] legs, feet and toes, and it causes [him] to suffer with severe and extreme pain to [his] knees," which "radiates up [his] leg to [his] hip and [the] left side of [his] lower back." (*Id.*, PageID.12.)  Plaintiff also states that getting out of the bunk bed causes neck pain because he has "to bend [his] head and neck forward," "triggering pinched nerve pain." (*Id.*, PageID.13.)

Plaintiff contends that the MDOC's "cell/room furnishing policy" provides "the corrections facility administration . . . with authority to exempt the ladder and or other furnishings from double bunked cell/rooms." (*Id.*, PageID.14.)

On October 8, 2024, Plaintiff submitted a healthcare request, explaining that he had difficulty getting in and out of his bed "with the ladder in the way causing [him] pain . . . and the mattress is too thin." (*Id.*)  In response, a non-party nurse at MCF advised Plaintiff that "Healthcare cannot do anything for the ladder on the bed

5

. . . or the mattress." (*Id.*, PageID.14–15.)  The non-party nurse further advised Plaintiff that he could discuss these issues with the medical provider at his chronic care medical appointment. (*Id.*, PageID.15.)  Thereafter, on October 17, 2024, Plaintiff submitted a grievance about the matter. (*Id.*, PageID.16.)  Plaintiff's grievance was rejected at all three steps for raising multiple issues, and Plaintiff faults Defendant Schiebner for upholding the procedural rejection and failing to address the merits of Plaintiff's grievance. (*Id.*, PageID.17.)

At some point between October 17, 2024, and October 29, 2024, Plaintiff spoke with Defendant Wilkinson "regarding [Plaintiff's] disabilities and need for reasonable accommodations that included a special mattress to help relieve [Plaintiff] of the pains to [his] back and hips." (*Id.*)  Plaintiff alleges that Defendant Wilkinson said that he was "aware of [Plaintiff's] disabilities, but that it is now a custody issue that [Plaintiff had] to take up with custody." (*Id.*)

On October 29, 2024, Plaintiff submitted an "Offender ADA Reasonable Accommodation Request/Appeal Form, CSJ-562, setting forth [Plaintiff's] medically documented disabilities and need for a single-man cell and other accommodations," "to the worksite offender ADA coordinator." (*Id.*, PageID.18.)  On November 19, 2024, non-parties April McLaughlin, Mitchell Keys, and Plaintiff's prison counselor, along with Defendant Wilkinson and an unidentified official, "stood a distan[ce] from [Plaintiff's] cell/door looking into the room/cell." (*Id.*)  Plaintiff states that the door was open, and he "could hear this group discussing only the ladder that was append [sic] to [Plaintiff's] assigned bunkbed." (*Id.*, PageID.18–19.)  At some point,

6

"Defendant Wilkinson came into the room," and "stated, 'Let me be straight; you're not getting the top bunk raised; you're not getting a special mattress; the ladder stays on the bunk; and in no way will you be getting a single-man cell.'" (*Id.*, PageID.19.) In response, Plaintiff told Defendant Wilkinson that Plaintiff had "seen healthy prisoners and prisoners with lesser disabilities than what [Plaintiff] suffer[s] . . . get a single-man cell." (*Id.*)

On November 20, 2024, Plaintiff submitted a grievance regarding Defendant Wilkinson's statements on the prior day. (*Id.*, PageID.20.) Plaintiff states that at some point between November 21, 2024, and December 3, 2024, he "learned from the statewide ADA coordinator for Defendant MDOC and the worksite offender[] ADA coordinator that Defendant Mike Wilkinson could have reasonably accommodated [Plaintiff's] disabilities, but refused to do so, leaving [Plaintiff] to struggle and endure extreme pains to get [his] legs around the ladder," and "in pain trying to sleep because of Defendant Wilkinson's refusal to provide [Plaintiff] with an accommodating mattress." (*Id.*, PageID.21.) Plaintiff further states that the "Statewide Offender ADA-Coordinator's response [indicated that] '[t]he coordinator's actions and referral for the prisoner to follow up with healthcare was and is the appropriate action and the proper avenue for the offender.'" (*Id.*, PageID.22.)

Based on the foregoing allegations, Plaintiff brings § 1983 claims, alleging that Defendants violated his Eighth Amendment rights, and ADA and RA claims.[3] (*Id.*,

---

[3] In Plaintiff's complaint, he specifically indicates that he is bringing ADA and RA claims, as well as Eighth Amendment claims under § 1983, against Defendants. (*See, e.g.*, Compl., ECF No. 1, PageID.29.) Because Plaintiff specifically identifies the

7

PageID.28–29.) As relief, Plaintiff seeks injunctive relief[4] and monetary damages. (*See id.*, PageID.34.)

## II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability

---

claims that he intends to bring in this suit, the Court does not construe Plaintiff's complaint to raise any other claims.

[4] As part of the relief that Plaintiff seeks in this suit, Plaintiff states that he seeks a "preliminary/permanent injunction"; Plaintiff did not file a separate motion seeking preliminary injunctive relief. (Compl., ECF No. 1, PageID.34.) Following the entry of this opinion and corresponding order, the Court will refer this action to the Pro Se Prisoner Civil Rights Litigation Early Mediation Program to allow the parties the opportunity to resolve this case. Under these circumstances, the Court will not address Plaintiff's request for a preliminary injunction, which he included in the relief section of his complaint, at this time. If the action is not resolved through the mediation process, Plaintiff may renew his request for preliminary injunctive relief if he wishes to do so. In light of this, the Clerk will be directed to terminate the request for injunctive relief on the docket.

8

requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

### A. Section 1983 Claims

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

#### 1. Individual Capacity Claims Against Defendant Wilkinson

Plaintiff sues Defendant Wilkinson in Wilkinson's individual capacity.[5] (Compl., ECF No. 1, PageID.7.) Specifically, Plaintiff alleges that Defendant

---

[5] Plaintiff sues Defendants Schiebner and Gilbert in their official capacities only. (*See id.*)

Wilkinson in Wilkinson's individual capacity violated Plaintiff's rights under the Eighth Amendment.  (*See id.*, PageID.29.)

In order for a prisoner to state an Eighth Amendment claim, the prisoner must show that he faced a sufficiently serious risk to his health or safety and that defendants acted with "'deliberate indifference' to inmate health or safety." *Mingus v. Butler*, 591 F.3d 474, 479–80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims).  The deliberate-indifference standard includes both objective and subjective components.  *Farmer*, 511 U.S. at 834; *Helling*, 509 U.S. at 35–37.  To satisfy the objective prong, an inmate must show "that he is incarcerated under conditions posing a substantial risk of serious harm."  *Farmer*, 511 U.S. at 834. Under the subjective prong, an official must "know[] of and disregard[] an excessive risk to inmate health or safety."  *Id.* at 837.  And, for a medical care-related claim, to satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious.  *Id.* at 834.  The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind" in denying medical care.  *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

At this stage of the proceedings, the Court assumes, without deciding, that Plaintiff has satisfied the objective component of the relevant two-prong test.  Furthermore, although Plaintiff has by no means proven his claims, the Court will

10

not dismiss Plaintiff's individual capacity Eighth Amendment claims against Defendant Wilkinson at this time.

### 2. Defendant MDOC and Official Capacity Claims Against Defendants Wilkinson, Gilbert, and Schiebner

Plaintiff sues the MDOC and Defendants Wilkinson, Gilbert, and Schiebner in their official capacities. (Compl., ECF No. 1, PageID.7.)

A suit against an individual in his or her official capacity is equivalent to a suit against the governmental entity; in this case, the MDOC. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). The states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). Moreover, the State of Michigan (acting through the MDOC) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002) (citing *Will*, 491 U.S. at 66).

Here, Plaintiff seeks monetary damages and injunctive relief. (Compl., ECF No. 1, PageID.34.) However, regardless of the form of relief requested, Plaintiff may not maintain a § 1983 action against the MDOC. And, as noted above, the MDOC is

11

not a "person" who may be sued under § 1983 for money damage, so Plaintiff may not seek monetary damages against Defendants Wilkinson, Gilbert, and Schiebner in their official capacities. Accordingly, for these reasons, Plaintiff's § 1983 claims against Defendant MDOC and § 1983 claims against Defendants Wilkinson, Gilbert, and Schiebner in their official capacities for monetary damages will be dismissed on the basis of immunity and for failure to state a claim.

Although damages claims against official capacity defendants are properly dismissed, an official capacity action seeking injunctive or declaratory relief constitutes an exception to sovereign immunity. *See Ex parte Young*, 209 U.S. 123, 159–60 (1908) (holding that the Eleventh Amendment immunity does not bar prospective injunctive relief against a state official). The United States Supreme Court has determined that a suit under *Ex parte Young* for prospective injunctive relief should not be treated as an action against the state. *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985). Instead, the doctrine is a fiction recognizing that unconstitutional acts cannot have been authorized by the state and therefore cannot be considered done under the state's authority. *Id.*

Nonetheless, the Supreme Court has cautioned that, "*Ex parte Young* can only be used to avoid a state's sovereign immunity when a 'complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Ladd v. Marchbanks*, 971 F.3d 574, 581 (6th Cir. 2020) (quoting *Verizon Md. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)). Past exposure to an isolated incident of illegal conduct does not, by itself, sufficiently prove that the plaintiff will be subjected

to the illegal conduct again. *See, e.g.*, *Los Angeles v. Lyons*, 461 U.S. 95 (1983) (addressing injunctive relief); *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (addressing declaratory relief).

Plaintiff's complaint is not a model of clarity as to his current conditions of confinement; however, based on the injunctive relief sought by Plaintiff, the complaint suggests that Plaintiff remains in a double cell with a ladder on the bunk bed and without "a special mattress." (Compl., ECF No. 1, PageID.34.) Under these circumstances, it appears that Plaintiff seeks prospective injunctive relief that relates to the claims in this suit.

As discussed above, Plaintiff's individual capacity § 1983 claims against Defendant Wilkinson will remain in the case; therefore, because, at this stage of the proceedings, it appears that Plaintiff seeks prospective injunctive relief, Plaintiff's official capacity § 1983 claims for injunctive relief against Defendant Wilkinson will remain in the case. The Court will dismiss, as redundant, Plaintiff's official capacity § 1983 claims for injunctive relief against Defendants Schiebner and Gilbert. *See, e.g.*, *Jones v. Heyns*, No. 1:12-cv-1341, 2014 WL 1607621, at *3 n.5 (W.D. Mich. Apr. 22, 2014) (citing Fed. R. Civ. P. 12(f); *Silverstein v. Fed. Bureau of Prisons*, 704 F. Supp. 2d 1077, 1087 (D. Colo. 2010); *Johnson v. Collins*, No. 3:07-cv-211, 2007 WL 1306596, at *2 (N.D. Ohio May 3, 2007)).

In summary, for the reasons set forth above, all of Plaintiff's § 1983 claims against Defendants MDOC, Schiebner, and Gilbert will be dismissed.[6] Additionally, Plaintiff's § 1983 claims against Defendant Wilkinson in his official capacity for monetary damages will be dismissed. Plaintiff's official capacity § 1983 claims for injunctive relief against Defendant Wilkinson will remain in the case.

### B.     ADA and RA Claims

Plaintiff claims that Defendants violated his rights under the ADA and RA. (*See* Compl., ECF No. 1, PageID.8.)

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.  In the ADA, the term "disability" is defined as follows: "[1] a physical or mental impairment that substantially limits one or more of the major life activities of such individual; [2] a record of such an impairment; or [3] being regarded as having such an impairment." *Id.* § 12102(2).  Similarly, Section 504 of the Rehabilitation Act protects any "otherwise qualified individual" from "be[ing] excluded from the participation in, be[ing] denied the benefits of, or be[ing] subjected to discrimination" under specified programs "solely by reason of her or his disability."  29 U.S.C. § 794(a).

---

[6] Plaintiff sues Defendants Schiebner and Gilbert in their official capacities only. Therefore, the dismissal of the § 1983 claims against Defendants Schiebner and Gilbert in their official capacities resolves all of Plaintiff's § 1983 claims against them.

The Supreme Court has held that Title II of the ADA applies to state prisons and inmates, *Penn. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210–12 (1998), and the RA has also been found to apply to state prisons and inmates. *See, e.g.*, *Wright v. N.Y. Dep't of Corr.*, 831 F.3d 64, 72 (2d Cir. 2016) (discussing that "[b]oth the ADA and the RA undoubtedly apply to state prisons and their prisoners" (citation omitted). The proper defendant for Title II ADA claims and RA claims is the public entity or an official acting in his official capacity. *Carten v. Kent State Univ.*, 282 F.3d 391, 396–97 (6th Cir. 2002); *see, e.g.*, *Tanney v. Boles*, 400 F. Supp. 2d 1027, 1044 (E.D. Mich. 2005) (citations omitted). Plaintiff sues the MDOC, and he sues Defendant Wilkinson in his individual capacity and official capacity and Defendants Gilbert and Schiebner in their official capacities only. (Compl., ECF No. 1, PageID.7.) Because Plaintiff may not pursue ADA and RA claims against Defendant Wilkinson in Wilkinson's individual capacity, any intended ADA and RA claims against Defendant Wilkinson in Wilkinson's individual capacity will be dismissed.

As to Plaintiff's official capacity ADA and RA claims, the State of Michigan (acting through the MDOC) is not necessarily immune from Plaintiff's claims under the ADA or the RA. *See, e.g.*, *Tanney*, 400 F. Supp. 2d at 1044–47. The ADA "validly abrogates state sovereign immunity" for "conduct that *actually* violates the Fourteenth Amendment[.]" *United States v. Georgia*, 546 U.S. 151, 159 (2006). If conduct violates the ADA but not the Fourteenth Amendment, then the Court must determine whether the ADA validly abrogates state sovereign immunity. *Id.* At this stage of the proceedings, the Court will presume that the ADA validly abrogates state

15

sovereign immunity for Plaintiff's ADA claims.  Likewise, the Court assumes, without deciding, that Defendants are not immune from liability in their official capacities under the RA.  *See, e.g.*, *Tanney*, 400 F. Supp. 2d at 1047 (citing cases).

As to the merits of Plaintiff's ADA and RA claims, at this stage of the proceedings, the Court must take Plaintiff's factual allegations as true and in the light most favorable to him.  Under these circumstances, the Court will not dismiss Plaintiff's official capacity ADA and RA claims.  *Cf. Turner v. Michigan Dep't of Corr.*, No. 22-1562, 2023 WL 2755655 (6th Cir. Apr. 3, 2023).  However, because Plaintiff sues the MDOC, the Court will dismiss, as redundant, Plaintiff's official capacity ADA and RA claims against Defendants Wilkinson, Schiebner, and Gilbert.  *See, e.g.*, *Jones*, 2014 WL 1607621, at *3 n.5 (citations omitted); *see also Diemond v. Mich. Dep't of Corr.*, No. 1:20-cv-473, 2020 WL 3481540, at *8 (W.D. Mich. June 26, 2020).  Plaintiff's ADA and RA claims against Defendant MDOC will remain in the case.

## Conclusion

The Court will grant Plaintiff leave to proceed *in forma pauperis*, and as set forth herein, the Clerk will be directed to terminate the request for injunctive relief on the docket.

Further, having conducted the review required by the PLRA, the Court determines that all of Plaintiff's § 1983 claims against Defendant MDOC and Plaintiff's § 1983 claims against Defendants Wilkinson, Schiebner, and Gilbert in their official capacities for monetary damages will be dismissed on the basis of immunity and for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  Additionally, any intended ADA and RA claims against

16

Defendant Wilkinson in Wilkinson's individual capacity will be dismissed for failure to state a claim. Further, the Court will dismiss, as redundant, Plaintiff's official capacity § 1983 claims for injunctive relief against Defendants Schiebner and Gilbert. The Court will also dismiss, as redundant, Plaintiff's official capacity ADA and RA claims against Defendants Wilkinson, Schiebner, and Gilbert. Because this resolves all of Plaintiff's claims against Defendants Schiebner and Gilbert, Defendants Schiebner and Gilbert will be dismissed from this suit. The following claims remain in the case against Defendants Wilkinson and MDOC: (i) Eighth Amendment claims under § 1983 against Defendant Wilkinson in Wilkinson's individual capacity and Wilkinson's official capacity seeking injunctive relief; and (ii) ADA and RA claims against Defendant MDOC.

An order consistent with this opinion will be entered.

Dated:  July 14, 2025                                /s/ Phillip J. Green
                                                                     PHILLIP J. GREEN
                                                                     United States Magistrate Judge