UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICKY HAWTHORNE #180295,

        Plaintiff,                         Hon. Hala Y. Jarbou

v.                                   Case No. 1:25-cv-416

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Preliminary Injunction. (ECF No. 13).   Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be denied.

## BACKGROUND

Plaintiff initiated this action alleging that he experiences physical limitations and/or disabilities which are not being properly accommodated in violation of his rights under the Eighth Amendment, Americans with Disabilities Act, and the Rehabilitation Act.   (ECF No. 1).   Many of Plaintiff's claims were dismissed on screening, but certain claims remain against the Michigan Department of Corrections (MDOC) and one individual.   (ECF No. 5).   Plaintiff seeks monetary and injunctive relief.

Plaintiff now moves for a preliminary injunction.   Specifically, Plaintiff requests that the Court order Defendants to perform the following: (1) remove the ladder that is attached to Plaintiff's bunkbed; (2) modify Plaintiff's bunkbed to raise the top bunk or,

in the alternative, provide Plaintiff with a single bed; (3) provide Plaintiff with a "special

mattress"; (4) transform Plaintiff's cell into a single occupancy cell; and (5) remove one

of the desks located in his cell.   (ECF No. 13, PageID.126-27).   This is the same

injunctive relief Plaintiff requests in his complaint.   (ECF No. 1, PageID.34).

## ANALYSIS

Injunctive relief is "an extraordinary remedy which should be granted only

if. . .the circumstances clearly demand it."   *Overstreet v. Lexington-Fayette Urban

County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).   To obtain injunctive relief, Plaintiff

must first show that he "is being threatened by some injury for which he has no adequate

legal remedy."   *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118

(6th Cir. 2001).

If such is the case, the court must then examine several factors: (1) whether the

movant is likely to prevail on the merits, (2) whether the movant would suffer irreparable

injury if the court does not grant the injunction, (3) whether a preliminary injunction

would cause substantial harm to others, and (4) whether a preliminary injunction would

be in the public interest.   *See Samuel v. Herrick Memorial Hospital*, 201 F.3d 830, 833

(6th Cir. 2000).   Rather than prerequisites, which must each be satisfied, the relevant

factors, none of which are dispositive, are competing considerations to be weighed and

balanced.   *See Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 400

(6th Cir. 1997).   Ultimately, the decision whether to grant injunctive relief lies within

the Court's discretion.   *See Dana Corp.*, 251 F.3d at 1118.

Consideration of these factors weighs against Plaintiff's request.   Plaintiff has failed to demonstrate that he is likely to prevail on any of his remaining claims or that he is likely to experience irreparable harm in the absence of relief.   The Court further finds that interfering in the day-to-day operations of the MDOC in the absence of evidence warranting such would both cause substantial harm to others and be contrary to the public interest.

Finally, considering the lack of evidence supporting Plaintiff's motion, the Court finds it inappropriate to grant Plaintiff, at this early stage, the very injunctive relief he requests in his complaint.   *See, e.g., Doughtie & Co., Inc. v. Rutherford County*, 2013 WL 3995277 at *2 (M.D. Tenn., Aug. 5, 2013) ("[i]t is inappropriate to give a party relief on the 'front end' where sufficient doubt exists as to the party's ultimate chance of prevailing, especially where the relief sought preliminarily is the ultimate relief requested"); *Damon's Restaurants, Inc. v. Eileen K. Inc.*, 2005 WL 8161456 at *4 (S.D. Ohio, Oct. 7, 2005) ("The purpose of a preliminary injunction is not to give the plaintiff the ultimate relief it seeks.   It is 'to prevent irreparable injury so as to preserve the court's ability to render a meaningful decision on the merits. . .to keep the parties, while the suit goes on, as far as possible in the respective positions they occupied when the suit began'").

## CONCLUSION

Accordingly, the undersigned recommends that Plaintiff's Motion for Preliminary Injunction (ECF No. 13) be denied.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.    28 U.S.C. § 636(b)(1)(C).    Failure to file objections within the specified time waives the right to appeal the District Court's order.    *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: October 21, 2025                  /s/ Phillip J. Green
                                        PHILLIP J. GREEN
                                        United States Magistrate Judge