UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICKY HAWTHORNE,

    Plaintiff,

v.

MICHGAN DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.
_____/

Case No. 1:25-cv-416

Hon. Hala Y. Jarbou

## ORDER

Before the Court are plaintiff Ricky Hawthorne's objections (Objs., ECF No. 36) to the magistrate judge's report and recommendation that his motion for a preliminary injunction be denied. (R&R, ECF No. 34.)  The magistrate judge's recommendation rested on Hawthorne's failing to establish that he was likely to succeed on his claims or suffer irreparable harm absent an injunction, on the principle against judicial interference with the day-to-day administration of prisons, and on the absence of evidence supporting Hawthorne's factual representations. (*Id.* at 3.)  Hawthorne claims he has been unable to conduct legal research to rebut the R&R's conclusions and relies on his arguments to the magistrate judge to justify his entitlement to preliminary relief. (Objs. 7–8.)

Under Rule 72 of the Federal Rules of Civil Procedure,

> the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).  Proper objections are specific.  *Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002).  Objections that are "vague, general, or conclusory" are not specific, so raising them is "tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir.

2001). Similarly, it is no objection to "state a disagreement with the magistrate's suggested resolution" or "simply summarize[]" what was presented to them. *Brown v. City of Grand Rapids*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017).

Hawthorne's objection does not point to a concrete error in the R&R. It effectively asks the Court to decide the motion as if the R&R had not been written. If such an objection were valid, initial reference to the magistrate judge would "waste[] judicial resources rather than saving them." *Jacobs v. Comm'r of Soc. Sec.*, No. 1:23-cv-288, 2024 WL 4500930, at *1 (W.D. Mich. Oct. 16, 2024). That Hawthorne was without access to legal materials does not excuse the insufficiency of his objections; the R&R was premised on Hawthorne's failure to prove his entitlement to an injunction, a deficiency remedied by presenting evidence rather than legal argument. The Court declines to reprise the magistrate judge's analysis of the same record that was before the magistrate judge on Hawthorne's say-so.

**IT IS ORDERED** that Hawthorne's objections to the R&R (ECF No. 36) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the R&R (ECF No. 34) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Hawthorne's motion for a preliminary injunction (ECF No. 13) is **DENIED**.

Dated: November 20, 2025                /s/ Hala Y. Jarbou
                                        HALA Y. JARBOU
                                        CHIEF UNITED STATES DISTRICT JUDGE