UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICKY HAWTHORNE,

     Plaintiff,

                            Case No. 1:25-cv-416

v.

                            Hon. Hala Y. Jarbou

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

     Defendants.

_____/

## ORDER

Pro se Plaintiff Ricky Hawthorne brings this lawsuit against Defendants Mike Wilkinson and the Michigan Department of Corrections (MDOC) under 42 U.S.C. § 1983, the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101–12213, and the Rehabilitation Act (RA), 29 U.S.C. §§ 701–796*l*.  On March 19, 2026, Magistrate Judge Phillip J. Green issued a report and recommendation (R&R) that the Court grant Defendants' motion for summary judgment for failure to exhaust administrative remedies.  (R&R, ECF No. 50.)  Plaintiff subsequently filed objections (ECF No. 51).  For the reasons explained below, the Court will sustain the objections, reject the R&R, and deny the motion for summary judgment.

## I. BACKGROUND

Defendants' motion for summary judgment is based on Hawthorne's alleged failure to exhaust his remedies under the MDOC grievance process.  Hawthorne's underlying claims are based on Defendants' alleged failure to accommodate his physical disability by adjusting his bed and cell.  On November 20, 2024, Hawthorne submitted a grievance stating the following:

> On November 19, 2024, the . . . Americans with Disabilities Act (ADA) Coordinator, HUM Mike Wilkinson, the assistant ADA Coordinator Mitchell Keys,

and another gentleman . . . c[a]me to my room/cell . . . about my ADA reasonable accommodation request form . . . . However, HUM Wilk[in]son stepped into my room and stated to me "Let me be straight, you're not getting the top bunk raised up; you're not getting any special mattress; the ladder stay[s] on the bunk; and in no way you're getting a single-man cell under any circumstances. HUM Wilkinson originally told me in health care service that this was a custody issue. And HUM Wilkinson spoke as if he has already decided my requests and denied them. I am requesting that the herein ADA/R[A] requests be granted.

(Grievance Records, ECF No. 25-3, PageID.249.) In the portion of the grievance form asking Hawthorne to explain his attempts to resolve the issue before filing the grievance, he wrote, "Health Unit Manager (HUM) Mike Wilkinson and I spoke on this date about my Americans with Disabilities and Rehabilitation Act request." (*Id.*) The grievance was rejected at Step I because Hawthorne had not properly attempted to resolve the issue prior to filing a grievance and had included multiple unrelated issues in his grievance. (*Id.*, PageID.249–250.) MDOC Policy Directive 03.02.130 provides that a grievance may be rejected if

[t]he grievant did not attempt to resolve the issue with the staff member involved prior to filing the grievance unless prevented by circumstances beyond their control or if the issue falls within the jurisdiction of Internal Affairs in the Office of Executive Affairs. An attempt to resolve Health Care grievances regarding routine care is accomplished by submitting a Health Care Request form (CHJ-549) to the facility Health Care staff as directed in PD 03.04.100 "Health Services."

(Policy Directive 03.02.130 ¶ P(4) (eff. 10-21-2024), ECF No. 25-2.) A grievance may also be rejected if it "contains multiple unrelated issues." (*Id.* ¶ P(1).) Hawthorne appealed the rejection of his grievance to Steps II and III, but the rejection was affirmed at each step. (Grievance Records, PageID.246, 248.)

## II. LEGAL STANDARDS

### A. Reports and Recommendations

Under Rule 72 of the Federal Rules of Civil Procedure,

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject,

2

or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

### B. Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The party moving for summary judgment bears the burden of demonstrating that there is no genuine dispute of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  A fact is material if it "might affect the outcome of the suit."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A material fact is genuinely disputed when there is "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."  *Id.* at 249 (citing *First Nat'l Bank of Ariz. v. City Serv. Co.*, 391 U.S. 253, 288–89 (1961)).  The Court "must shy away from weighing the evidence and instead view all the facts in the light most favorable to the nonmoving party and draw all justifiable inferences in their favor."  *Wyatt v. Nissan N. Am., Inc.*, 999 F.3d 400, 410 (6th Cir. 2021).

### C. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act (PLRA) provides that before a prisoner may file a lawsuit, they must exhaust their administrative remedies by "tak[ing] advantage of each step the prison holds out for resolving the claim internally."  *Lamb v. Kendrick*, 52 F.4th 286, 292 (6th Cir. 2022) (cleaned up); *see also* 42 U.S.C. § 1997e(a).  "[T]he inmate's correctional institution defines the applicable procedural rules that the inmate must follow to exhaust his administrative remedies."  *Lamb*, 52 F.4th at 292.  "Thus, to comply with the PLRA's exhaustion requirement, an inmate must . . . follow[] the critical procedural rules of the prison's grievance process to permit prison officials to review and, if necessary, correct the grievance on the merits in the first instance."

*Id.* (cleaned up).  "[B]ecause an inmate's failure to exhaust his administrative remedies is an affirmative defense, a district court should grant summary judgment only if a defendant establishes that there is no genuine dispute of material fact that the plaintiff failed to exhaust.'" *Id.* (cleaned up).  Furthermore, failure to exhaust administrative remedies is not a bar to suit "when remedies are not 'available.'" *Id.* (quoting *Ross v. Blake*, 578 U.S. 632, 642 (2016)).

### III. ANALYSIS

#### A. Defendant Wilkinson

The magistrate judge reasoned that Hawthorne's November 2024 grievance did not exhaust his remedies as to his claim against Defendant Wilkinson because the grievance was rejected for violating procedural rules.  "[A] prisoner cannot satisfy the PLRA exhaustion requirement by filing a[] . . . procedurally defective administrative grievance." *Scott v. Ambani*, 577 F.3d 642, 647 (6th Cir. 2009).  However, [w]hen a grievance has been rejected by the MDOC, the Court must consider whether it was *properly* rejected before finding the plaintiff's administrative remedies unexhausted." *Lentz v. MDOC*, No. 2:24-cv-10198, 2025 WL 1023709, at \*4 (E.D. Mich. Jan. 15, 2025), *R&R adopted*, 2025 WL 817425 (E.D. Mich. Mar. 14, 2025).  As explained below, the Court finds that the MDOC's rejection of Hawthorne's grievance was improper, and therefore that Hawthorne has sufficiently exhausted his administrative remedies.

The magistrate judge's recommendation rests on the finding that Hawthorne did not attempt to resolve the accommodations issue before filing a grievance.  (*See* Policy Directive 03.02.130 ¶ P(4).)  Hawthorne stated in his Step I grievance that he filed an accommodation request and was told by Defendant Wilkinson that no accommodation would be provided.  That conversation with Wilkinson qualifies as an attempt to resolve the issue.  MDOC policy does not specify that the attempt to resolve the issue must occur during a separate conversation from the one in which the issue arose.  And if the grievance is based on a denial of a request, it would seem

4

pointless to require an additional request to be made just so that it may be denied and qualify as an attempt to resolve the issue.  *See Burley v. Knickerbocker*, No. 18-cv-12625, 2019 WL 3330804, at *5 (E.D. Mich. Apr. 24, 2019) (reasonable jury could find that prisoner sufficiently attempted to resolve the issue where grievance merely stated that defendant denied plaintiff's request), *R&R adopted*, 2019 WL 2610895 (E.D. Mich. June 26, 2019).

The magistrate judge relied on a provision of the relevant MDOC policy directive specifying that "[a]n attempt to resolve Health Care grievances regarding routine care is accomplished by submitting a Health Care Request form (CHJ-549) to the facility Health Care staff as directed in PD 03.04.100 'Health Services.'"  (Policy Directive 03.02.130 ¶ P(4).)  Even assuming that this provision makes a Health Care Request form the *exclusive* means of resolving routine health care matters, Hawthorne's requests for alterations to his bed and transfer to a different cell are not routine health care matters.  Before Hawthorne filed his grievance, he submitted a Health Care Request form regarding his accommodations and was told that "[h]ealth care cannot do anything for the ladder on the bed, your bunkie or your mattress."  (Request Form, ECF No. 42-1, PageID.395.)  And Hawthorne's grievance indicates that Wilkinson told him "that this was a custody issue" rather than a health care issue. (Grievance Records, PageID.249.)[1]  Thus, Hawthorne was not required to file another Health Care Request form before filing his grievance.

The magistrate judge also concluded in the alternative that the MDOC was justified in rejecting Hawthorne's grievance because it raised multiple unrelated issues.  However, the grievance is focused on a single issue: the denial of Hawthorne's request for accommodations. Although he requests multiple accommodations, they are sufficiently related to be addressed in a

---

[1] Even if these requests can arguably be categorized as health care-related, Hawthorne's contrary interpretation of the policy is certainly reasonable, and appears consistent with the view of the health care department.  At some point, a policy that allows rejection of grievances based on fine distinctions between ambiguous categories becomes so "opaque" or "confusing" that exhaustion is no longer required.  *Ross*, 578 U.S. at 643–44.

single grievance.  Accordingly, the MDOC's rejection of Hawthorne's grievance for inclusion of multiple unrelated issues was improper, and he has exhausted his administrative remedies.[2]

### B. Michigan Department of Corrections

The magistrate judge also recommended dismissing Hawthorne's claims against the MDOC for failure to exhaust.  The magistrate judge relied on *Kitchen v. Snyder*, where the Sixth Circuit held that the plaintiff had failed to exhaust his administrative remedies against a company that provided prison health care services because the prisoner did not name the company in his grievance.  No. 20-1936, 2021 WL 4470032, at *3 (6th Cir. June 23, 2021).  According to the magistrate judge, *Kitchen* "rejected the proposition that the MDOC grievance process is generally unavailable for institutional actors."  (R&R 6.)  But there is an important distinction between the MDOC and other institutional actors.  It makes sense to require a prisoner to name a health care company in their grievance so that the company will be put on notice of the prisoner's claims against them.  It does not make sense to require a prisoner to name the MDOC in their grievance, because every grievance against a prison official puts the MDOC on notice that a prisoner has a claim against it.  Here, the MDOC was sufficiently on notice that Hawthorne had filed a grievance against Defendant Wilkinson, its employee.  By exhausting his remedies against Wilkinson, Hawthorne also exhausted his remedies against the MDOC.  *See Annabel v. MDOC*, No. 1:18-cv-914, 2020 WL 919700, at *1 (W.D. Mich. Feb. 26, 2020) ("The Court is not convinced that the prison grievance system requires a prisoner to name the MDOC in the grievance."); *Sedore v. Landfair*, No. 2:22-cv-10060, 2022 WL 17751439, at *6 (E.D. Mich. Aug. 22, 2022), *R & R*

---

[2] Defendants note that one of the issues Hawthorne raised in his grievance was his cell placement, but he did not file the grievance against the Security Classification Committee (SCC), the entity responsible for such placement.  Thus, Defendants argue, Hawthorne did not properly exhaust his cell placement claim.  But the SCC is not a defendant in this case, so it is immaterial whether Hawthorne exhausted his claims against it.  Insofar as Defendants mean to contend that Wilkinson is not the proper defendant for a claim regarding cell placement, that is not an exhaustion issue, and the Court will not address it here.

*adopted*, 2022 WL 17730733 (E.D. Mich. Dec. 16, 2022); *Ford v. Jindal*, No. 19-13207, 2020 WL 7391293, at *3 (E.D. Mich. Dec. 1, 2020), *R&R adopted*, 2020 WL 7389110 (E.D. Mich. Dec. 16, 2020).  *But see Miles v. Michigan*, No. 2:23-cv-31, 2024 WL 1200182, at *12 (W.D. Mich. Feb. 20, 2024), *R&R adopted*, 2024 WL 1198265 (W.D. Mich. Mar. 20, 2024).[3]

## IV. CONCLUSION

In sum, Defendants have not established that Hawthorne failed to exhaust his administrative remedies.  Accordingly,

**IT IS ORDERED** that Hawthorne's objections (ECF No. 51) are **SUSTAINED**.

**IT IS FURTHER ORDERED** that the R&R (ECF No. 50) is **REJECTED**.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (ECF No. 24) is **DENIED**.

Dated: April 24, 2026                          /s/ Hala Y. Jarbou
                                               HALA Y. JARBOU
                                               CHIEF UNITED STATES DISTRICT JUDGE

---

[3] Furthermore, Hawthorne is suing Wilkinson in his official capacity, and an official-capacity lawsuit against a government employee "is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  It would therefore be largely meaningless to hold that Hawthorne may not sue the MDOC itself but may sue its employee in his official capacity.